UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFERSON DEAN UNDERWOOD, | ) | 1:06-cv-0431-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED FOR |
| v. | ) | FAILURE TO FOLLOW THE COURT'S |
| | ) | ORDERS |
| | ) | |
| KERN COUNTY SUPERIOR COURT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his petition filed on March 27, 2006, Petitioner contends that he was convicted of possession of a controlled substance, being an inmate in possession of a weapon, and active participation in a criminal street gang. (Doc. 1, p. 3). Petitioner states that he was sentenced to a term of 16 months but, inexplicable, also contends that he was found "incompetent to stand trial." (Id.). Petitioner contends in his petition that the state trial courts violated state law due to the sentence imposed and he requests that this Court "investigate" the state courts' actions. (Doc. 1, p. 7).

On April 18, 2006, the Court issued new case documents to Petitioner but these were returned as "undeliverable" on April 26, 2006. (Docs. 2 & 3). On May 22, 2006, Petitioner was ordered to file a new application to proceed in forma pauperis by June 26, 2006. (Doc. 4). These documents were returned as "not in custody" on June 1, 2006. (Doc. 5). The documents were re-served on August 9, 2006 and on August 15, 2006, Petitioner filed a notice of change of address. (Doc. 7). The documents were re-served but again were returned as "undeliverable" and "out of

custody" on October 6, 2006.  (Doc. 8).   To date, Petitioner has yet to comply with the Court's order of May 22, 2006, to file a new application to proceed in forma pauperis.  Nor has Petitioner advised the Court of his new address in over four months.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court advised of his current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a [petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such [petitioner] fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over four  months have passed since Petitioner's mail was returned, yet he has not notified the Court of a current address.  Moreover, Petitioner has yet to comply with the Court's order of May 22, 2006, to file a new in forma pauperis application.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for more than ten months.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court advised of his current address, no lesser sanction is feasible.

1  Accordingly, the Court HEREBY ORDERS:

2  1. Petitioner is GRANTED TWENTY (20) days from the date of service of this
3  Order, to SHOW CAUSE why the Petition should not be dismissed for failing to
4  comply with the Court's orders and failing to keep the Court informed of
5  Petitioner's correct address.

6  Petitioner is forewarned that his failure to comply with this order will result in a
7  Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

9  IT IS SO ORDERED.

10 Dated:   **February 28, 2007**                    **/s/ Theresa A. Goldner**
   **j6eb3d**                                        UNITED STATES MAGISTRATE JUDGE

3