UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON DEAN UNDERWOOD, ) | 1:06-CV-0431-LJO-TAG HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS |
| ) | TO DISMISS PETITION FOR FAILURE |
| v. ) | TO FOLLOW THE COURT'S ORDERS |
| ) | (Doc. 1) |
| ) | |
| KERN COUNTY SUPERIOR COURT, ) | ORDER DIRECTING OBJECTIONS TO BE |
| ) | FILED WITHIN TWENTY DAYS |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his petition filed on March 27, 2006 in the Central District of California and transferred to the Eastern District of California on April 14, 2006, Petitioner contends that he was convicted of possession of a controlled substance, being an inmate in possession of a weapon, and active participation in a criminal street gang. (Doc. 1, p. 3). Petitioner states that he was sentenced to a term of 16 months but, inexplicably, also contends that he was found "incompetent to stand trial." (Id.). Petitioner contends in his petition that the state trial courts violated state law due to the sentence imposed and he requests that this Court "investigate" the state courts' actions. (Doc. 1, P. 7).

On April 18, 2006, the Court issued new case documents to Petitioner but these were returned as "undeliverable" on April 26, 2006. (Docs. 2 & 3). On May 22, 2006, Petitioner was ordered to file a new application to proceed in forma pauperis by June 26, 2006. (Doc. 4). These documents were returned as "not in custody" on June 1, 2006. (Doc. 5). The documents were re-served on August 9, 2006 and on August 15, 2006, Petitioner filed a notice of change of address. (Doc. 7). The documents were re-served but again were returned as "undeliverable"

and "out of custody" on October 6, 2006. (Doc. 8). On February 28, 2007, the Court issued an Order to Show Cause why the petition should not be dismissed for Petitioner's failure to comply with the Court's previous orders. (Doc. 10). Petitioner's response was due on March 23, 2007. On March 2, 2007 and again on March 14, 2007, mail from the Court was returned undelivered and marked "Out of Custody." (Docs. 11 & 12). To date, Petitioner has yet to comply with the Court's order of May 22, 2006 to file a new application to proceed in forma pauperis, or with the Court's order of February 28, 2007 to respond to the Order to Show Cause. Petitioner has not advised the Court of a new address since August 15, 2006, a period of almost one year.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court advised of his current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a [petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such [petitioner] fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over fourteen months have passed since Petitioner's mail was first returned, yet he has not notified the Court of a current address. Moreover, Petitioner has yet to comply with the Court's order of May 22, 2006 to file a new in forma pauperis application, or with the Court's Order to Show Cause dated February 28, 2007.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending sixteen months. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice

to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court advised of his current address, no lesser sanction is feasible. Moreover, in the February 28, 2007 Order to Show Cause, Petitioner was expressly forewarned that his "failure to comply with this order will result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110." (Doc. 10, p. 3).

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the instant petition (Doc. 1), be dismissed for Petitioner's failure to comply with the Court's orders.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 3, 2007**                               **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE